1

2

3                          UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6
In re DYNAMIC RANDOM ACCESS
7  MEMORY (DRAM) ANTITRUST
   LITIGATION                                    No. M 02-1486 PJH
8  _____/
                                                 **ORDER RE MOTION TO**
9  This Document Relates To:                     **MODIFY SCHEDULING ORDER**

10 ALL ACTIONS

11 This Document Also Relates To:

12 Sun Microsystems v. Hynix et al. (C 06-1665 PJH)
   Unisys Corp. v. Hynix et al. (C 06-2915 PJH)
13 Honeywell Int'l v. Hynix et al. (C 06-2917 PJH)
   State of California et al. v. Infineon AG et al. (C 06-4333 PJH)
14
   _____/
15

16         Before the court is the Motion for Administrative Modification of Scheduling Order for

17 all Indirect Purchaser Actions, filed by the state attorneys general plaintiffs in State of

18 California et al. v. Infineon AG et al., on July 28, 2006.  The motion seeks a 60 day

19 continuance in the pretrial schedule currently in effect for the indirect purchaser plaintiffs,

20 which continuance would affect discovery and class certification deadlines.  Additionally

21 before the court is the request by indirect purchaser plaintiffs that the court *sua sponte*

22 schedule a case management conference to consider the scheduling issues raised by the

23 aforementioned request.  Numerous oppositions and responses to both requests have also

24 been filed and reviewed by the court.[1]

25         Preliminarily, several defendants are correct in noting that an administrative motion

26

27         _____

28         [1]     The court notes that several of these responses were untimely filed, in violation
   of the three day response time contemplated by Civ. L.R. 7-11(b).  Although the court has
   reviewed these responses, the parties are instructed that in future, all filings must be made in
   compliance with the local rule, or will risk being stricken by the court.

**United States District Court**
For the Northern District of California

1   is not the most appropriate vehicle for resolving the state attorneys general plaintiffs'

2   request, given the complexity of the instant case and the sheer number of entities and

3   parties involved.  However, while by no means ideal, plaintiffs' use of the administrative

4   motion procedure is not prohibited.  Indeed, requests for modification of scheduling orders,

5   albeit for more routine cases, are often made utilizing the abbreviated procedure provided

6   by  Civil Local Rule 7-11.

7       With respect to the substance of the motion, the court first notes that although

8   plaintiffs purport to seek relief with respect to the indirect purchaser actions only,

9   consideration of plaintiffs' request necessarily requires the court to consider the entirety of

10  the litigation.  For as the numerous responses and oppositions to plaintiffs' request make

11  clear, the underlying litigation involves several different groups of litigants with varying

12  interests and claims at different stages of development.  Specifically, the court identifies

13  four separate categories of pending matters that are either part of, or related to, the instant

14  multidistrict litigation: (1) the direct purchaser actions that are part of the multidistrict

15  litigation proceedings; (2) the indirect purchaser actions that are also part of the multidistrict

16  litigation proceedings; (3) the three independently tracked cases that are related to the

17  multidistrict litigation[2]; and (4) the recently-filed state attorneys general action that is also

18  related to the multidistrict litigation.  Further, the court has received notice of another

19  attorney general action, pending in the Southern District of New York, that is likely to be

20  transferred here as well.

21      Given the different but interrelated interests that each group has, a modification in

22  scheduling as to one group may adversely affect the interests of another. The court is

23  particularly concerned that, while the cases involve differing groups of plaintiffs, they

24  involve pretty much the same defendants, though not all defendants are named in each

25  case, and thus require those defendants to respond repeatedly to discovery requests or

26

27      [2]      These cases include Sun Microsystems v. Hynix et al., C 06-1665 PJH; Unisys
28  Corp. v. Hynix et al., C 06-2915 PJH; and Honeywell Int'l v. Hynix et al., C 06-2917 PJH.

United States District Court
For the Northern District of California

1   motions that may be similar in scope.  A piecemeal approach to case management will not

2   promote judicial efficiency nor will it be fair to the defendants.

3          For these reasons, the court DEFERS ruling on the instant administrative motion,

4   pending further briefing and discussion by the parties with respect to scheduling issues.  To

5   that end, the court VACATES the currently scheduled case management conference dates

6   of October 19, 2006 (direct purchaser and indirect purchaser actions) and September 21,

7   2006 (independently tracked cases), and ORDERS all parties in all four of the above

8   categories of cases to attend an earlier case management conference on **August 24,**

9   **2006**, **at 2:30 p.m**.

10         In advance of the August 24th case management conference, all four groups of

11  plaintiffs shall meet and confer in attempt to arrive at a mutually acceptable pretrial and trial

12  schedule.  The court orders a meet and confer because it appears from the papers that

13  none has occurred thus far.  The court is mindful, however, that the August 24th date does

14  not afford much time for the large number of counsel to confer on the multitude of issues

15  raised, and accordingly, requires only that counsel confer telephonically.  The court is

16  reluctant to schedule the case management conference much later in view of the class

17  certification briefing schedule and requires only that counsel proceed in good faith.

18         In the absence of a mutually agreed upon pretrial schedule, each of the four plaintiff

19  groups shall submit a separate proposal to the court regarding their desired pretrial and trial

20  scheduling preferences.  Defendants shall also submit their proposal, which, to the extent

21  feasible, should be joint.  As not all defendants are in the same position with respect to

22  settlements, the court anticipates that some separate proposals are likely.  At a minimum,

23  the parties' statements must address: (a) whether there should be a joint trial as to any of

24  the differing groups' claims and if so, how pretrial scheduling can accommodate a joint trial;

25  (b) the differences and/or overlap, if any, between the claims of the indirect purchaser

26  plaintiffs, the independently tracked plaintiffs', and those raised by the state attorneys

27  general plaintiffs in their recently-filed complaint; (c) whether each group will seek class

28

3

**United States District Court**
For the Northern District of California

1   certification and if so the differences in the class definitions; (d) whether pretrial schedules

2   in the indirect purchaser, state attorneys general, or independently tracked actions should

3   be consolidated and/or jointly tracked; (e) whether the trial date for the direct purchaser

4   plaintiffs should be continued; (f) whether the discovery cutoff date should be extended for

5   the state attorneys general plaintiffs, and if so for what specific discovery.

6          The parties' statements shall be filed no later than **3:00 p.m. on August 18, 2006**.

7          Pending the court's resolution of the above scheduling issues at the August 24th

8   case management conference, the deadline for the filing of the indirect purchaser plaintiffs'

9   motion for class certification is STAYED.  However, the date for the hearing on the motion

10  for class certification, and the discovery cutoff deadlines currently scheduled for the indirect

11  purchaser actions, shall remain in effect.

12  **IT IS SO ORDERED.**

13  Dated: August 8, 2006

14                                                                    _____
                                                                      PHYLLIS J. HAMILTON

15                                                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

4