UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION
_____/

No. M 02-1486 PJH

**CASE MANAGEMENT ORDER**

This Document Relates To:

ALL ACTIONS

This Document Also Relates To:

Sun Microsystems v. Hynix et al. (C 06-1665 PJH)
Unisys Corp. v. Hynix et al. (C 06-2915 PJH)
Honeywell Int'l v. Hynix et al. (C 06-2917 PJH)
State of California et al. v. Infineon AG et al. (C 06-4333 PJH)
_____/

A case management conference in the above-referenced actions was held on August 24, 2006, in order to discuss pretrial scheduling and case management issues. Counsel representing the various parties in all actions were present. Having heard the parties' statements and arguments, and in order to promote manageability of the above cases, the court orders as follows.

Preliminarily, as the court noted in its order scheduling the case management conference, the above-entitled cases can be separated into four separate categories that are either part of, or related to, the In re DRAM multidistrict litigation: (1) the direct purchaser actions which are part of the MDL proceedings ("direct purchasers"); (2) the indirect purchaser actions which are also part of the MDL proceedings ("indirect purchasers"); (3) the three independently tracked cases which are related to the MDL proceedings ("Opt-outs"); and (4) the recently-filed state attorneys general action which is also related to the MDL proceedings ("AG"). For purposes of pretrial scheduling, the court

will continue to treat these four categories separately, although it recognizes that in some respects, certain categories are more closely aligned than others and that separate tracks results in more burdensome discovery than would coordinated pretrial schedules. However, counsel for all plaintiff groups has assured the court that they will engage in only necessary and non-duplicative discovery. Defendants may, if necessary, seek protection from unnecessary and truly duplicative discovery by contacting Judge Spero through whatever mechanism he has devised to handle discovery disputes expeditiously. Additionally, the court has determined that to the extent that any of these categories of actions actually proceed to trial, none of the four categories will be tried together.

**Pretrial Schedules:**

The court sets forth the following pretrial dates with respect to each category:

1. The **direct purchaser** actions shall proceed to trial in accordance with the current schedule. Trial in these actions will be held on April 23, 2007. No continuance of the trial date will be granted. If the parties desire to have the transferred actions tried here along with those actions originally filed here, stipulations must be filed before the next case management conference.

2. The **indirect purchaser** actions' pretrial schedule shall remain largely in place, including the current discovery cutoff date of October 31, 2006, as the parties have not demonstrated good cause for the extension of this deadline. However, the court will approve a slight modification of the pretrial schedule, so that defendants' motion for judgment on the pleadings may be heard and decided prior to the filing of plaintiffs' motion for class certification. The court also grants a one week extension of time with respect to the briefing and hearing on defendants' motion for judgment on the pleadings. Accordingly, the hearing on defendants' motion for judgment on the pleadings is rescheduled for September 27, 2006, and plaintiffs' motion for class certification must be filed within 30 days of issuance of the court's written

      decision on defendants' motion.  Finally, the parties are informed that the court intends to set a trial date for the indirect purchaser actions originally filed in this district at the next scheduled case management conference.

3.    With respect to the **AG** action, the court declines at this time to coordinate and/or consolidate pretrial scheduling in this action with the pretrial schedule currently in place for the indirect purchaser actions.  To that end, the deadline for the completion of fact discovery is June 1, 2007, and the deadline for filing any class certification motion is October 8, 2007.  The AG action is also referred to Magistrate Judge Spero for all discovery, as Judge Spero is already handling all discovery matters in connection with the direct and indirect purchaser groups.

4.    The **Opt-out** actions shall be treated and tracked independently from the other three categories of cases before the court.  As the pleadings are not yet settled in these cases, the court will set pretrial deadlines at the next case management conference, which will take place on November 9, 2006, at 2:30 p.m.

**Further Case Management Conference:**

In addition to the above pretrial dates, the court also schedules a further case management conference with respect to all direct purchaser and indirect purchaser actions for December 7, 2006, at 2:30 p.m.  No further case management conference is scheduled with respect to the AG action at this time.  The court notes, however, that counsel for the AG action are welcome, but not required (unless ordered otherwise), to attend case management conferences scheduled in the direct and indirect purchaser actions throughout the next year.

**Docketing:**

The court also instructs the parties as follows regarding docketing for all cases:

1.    The parties in the direct purchaser and indirect purchaser actions must file all

        documents in the multidistrict litigation case, M 02-1486 PJH.  Those documents that refer only to a specific individual case within the multidistrict litigation and all documents that have the effect of terminating individual cases (e.g., dismissals) must be filed in <u>both</u> the multidistrict litigation case and in the individual case.

2.    The parties in the AG action must file all documents in their own case, C 06-4333 PJH, and must immediately cease filing their documents in the multidistrict litigation case,  M 02-1486 PJH.  If on occasion, however, the parties in the AG action jointly file papers with the indirect purchaser parties, they must then file such papers both in their own case and in the multidistrict litigation case.

3.    The parties in the Opt-out actions must file all papers only in the individual case to which such papers relate.  Those documents that jointly pertain to two or all of the Opt-out cases shall be filed in all cases to which they pertain.

4.    All parties are reminded that, pursuant to the court's standing order, courtesy copies of all filings are to be delivered to chambers no later than noon on the day following a filing.

**Defendant Micron's Motion for Clarification**

Finally, the court also having heard defendant Micron's motion for clarification, which relates to the direct purchaser actions only, hereby GRANTS defendant's motion and orders that, until expiration of the opt-out deadline, defendant may continue settlement negotiations with certain sophisticated business customers who are also potential members of the class.  The court is persuaded that the sophisticated nature of the individuals and entities involved, combined with the non-traditional attorney-client relationship that exists between the absent class members and class counsel prior to the opt-out deadline, permit defendant Micron to continue settlement negotiations with those individuals and entities, subject to the condition that Micron continue to abide by the precautions set forth in its

motion.

**IT IS SO ORDERED.**

Dated: August 29, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

cc: Wings, Judge Spero