United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.,

    Plaintiffs,

    v.

INFINEON TECHNOLOGIES AG, et al.,

    Defendants.

_____/

No. C 06-4333 PJH

**ORDER TO SHOW CAUSE**

Before the court is defendants' motion to dismiss certain aspects of plaintiffs' complaint, which is set for hearing on February 7, 2007. In preparation for the hearing, the court has had the opportunity to review all papers filed in connection with the motion. As a result, certain preliminary concerns have arisen:

First, the numerous plaintiff states at issue, who represent divergent groups of entities and individuals, each make highly individualized arguments with respect to their claims. They do not present, as a consolidated complaint would normally indicate, joint arguments as to their individual claims, nor do they rely on a representative state to make arguments on behalf of the whole. In view of this, the court does not fully comprehend the reason(s) for a consolidated complaint. Nor is it clear, after review of the motion papers, why *any* non-resident plaintiff state should have recourse to a claim under California law, such that allowing those non-resident states to join with the state of California in a consolidated complaint makes sense. Indeed, although defendants have not challenged venue or jurisdiction, the court is also at a loss to understand why, from a practical viewpoint, plaintiffs believe that a California district court is the proper forum in which to raise their claims. Moreover, the complaint is incomprehensible in parts. For example, in

the preliminary section defining "the Plaintiffs", plaintiffs only generally describe the named plaintiff states, without stating how many there are, which ones they are, and which of them constitute or represent direct or indirect purchasers.  The same section also makes only vague allusions to the "natural persons, state agencies, political subdivisions and/or businesses" who the plaintiff states represent, without ever identifying who these entities are, which states represent them, and which are represented in a class, parens patriae, or other representative capacity (and by which states).

Furthermore, there are manageability concerns.  The instant case promises to be complex and multi-faceted.  It is inefficient and time consuming for the court to hear individualized argument from up to forty state representatives on any given motion before the court.  Indeed, preparation for the instant motion alone – which comes at the earliest stages of litigation – highlights the fact that the logistics in managing this case are significant.  As such, they compel this court's and the parties' attention.

In view of the above concerns, the court hereby ORDERS plaintiffs to show cause, at next week's hearing, why each plaintiff state's claims should not be severed.  To that end, plaintiffs must submit a proposal at the hearing that (1) addresses the necessity of proceeding with a consolidated complaint as to 40 plaintiff state's individual claims; and (2) addresses the court's manageability concerns, and outlines a streamlined method by which the plaintiffs propose to have their divergent positions heard with respect to all matters that come before the court for hearing.  Absent a plan or proposal that adequately addresses these issues, the court is prepared to sever each plaintiff state's individual claims, require the filing of individual complaints, and to arbitrarily select some small number of individual plaintiff states whose claims shall be heard first, with the remainder being stayed until a later date.

All parties shall meet and confer in advance of the hearing, to discuss these concerns and any plan or proposal to be submitted by plaintiffs.  Any plan or proposal, and all parties' related arguments, shall be heard in addition to the parties' arguments with

respect to the pending motion to dismiss. Plaintiffs, for their part, must agree on a representative who will present their plan or proposal to the court. Furthermore, plaintiffs must agree upon, and present, a plan for their presentation of arguments to the court in connection with their opposition to defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 1, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge