1  JAMES G. KREISSMAN (Bar No. 206740)
   jkreissman@stblaw.com
2  HARRISON J. FRAHN IV (Bar No. 206822)
   hfrahn@stblaw.com
3  ISABELLE A. YOUNG (Bar No. 246112)
   iyoung@stblaw.com
4
   SIMPSON THACHER & BARTLETT LLP
5  2550 Hanover Street
   Palo Alto, California 94304
6  Telephone: (650) 251-5000
   Facsimile: (650) 251-5002
7
   *Counsel for Defendants*
8  ELPIDA MEMORY, INC. and
   ELPIDA MEMORY (USA) INC.
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                     SAN FRANCISCO DIVISION
12

| | |
|---|---|
| THE STATE OF CALIFORNIA, et al., | Master File No. M-02-1486 PJH (JCS) |
| Plaintiffs, | MDL No. 1486 |
| v. | Case No. C 06-4333 PJH |
| INFINEON TECHNOLOGIES AG, et al., | |
| Defendants. | **STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |

1  WHEREAS, the parties may have proprietary information and documents that are not in

2  the public domain and are confidential, the unrestricted disclosure of which may cause undue

3  irreparable damage to the parties and their respective businesses; and

4  WHEREAS, one of the purposes of this Protective Order is to protect the confidentiality of

5  such information and documents; and

6  WHEREAS, the Federal Rules of Civil Procedure provide for the issuance of protective

7  orders limiting the disclosure of certain information in appropriate circumstances; and

8  WHEREAS, the parties have agreed to protect the confidentiality of such information in

9  accordance with the following terms and conditions:

10  1.      Documents that contain non-public information may be designated as

11  "Confidential" or "Highly Confidential" in the manner described below, so long as the materials

12  concern the producing party's trade secrets or other confidential research and development or

13  commercial information, or information for which the producing party believes in good faith it

14  otherwise has a compelling need for confidentiality.  This includes, without limitation:  (a)

15  documents, exhibits, answers to interrogatories, responses to requests for admissions and

16  deposition transcriptions and all original written, recorded, graphic or electronic matters (and all

17  identical and non-identical copies thereof), (b) any copies, notes, abstracts or summaries of such

18  information, and the information itself, or (c) any pleading, affidavit, declaration, brief, motion,

19  transcript or other writing containing such information (subsections (a) to (c) collectively referred

20  to herein as "Litigation Materials"), all of which may be designated as "Confidential" or "Highly

21  Confidential" under this Protective Order, as appropriate.  Further, Litigation Materials previously

22  designated "Confidential" or "Highly Confidential" by the parties pursuant to the protective order

23  entered by the Court in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*,

24  U.S.D.C. Northern District of California, Case No. 02-1486 PJH ("MDL Action"), on July 11,

25  2003, shall receive all the protections afforded "Confidential" or "Highly Confidential" Litigation

26  Materials under this Protective Order.

27  2.      Only non-public documents produced in discovery may be designated as

28  "Confidential" or "Highly Confidential."  Accordingly, "Confidential" or "Highly Confidential"

1  materials shall not include any documents concerning information that at any time has been: (a)

2  produced, disclosed or made available to the public or otherwise available for public access; or (b)

3  disclosed in connection with any governmental public filing or securities offering and could not

4  reasonably be assumed to be or have been intended to be kept confidential.  Documents containing

5  trade secrets, or other confidential research and development or proprietary business information,

6  the disclosure of which to other parties might competitively disadvantage the producing party,

7  may be designated as "Highly Confidential."  Any document concerning information that has not

8  been preserved or maintained in a manner calculated to preserve its confidentiality shall not be

9  designated as "Confidential" or "Highly Confidential."  Notwithstanding the foregoing, a

10  producing party may designate as "Confidential" or "Highly Confidential" any documents

11  transmitted or disclosed to any governmental entity pursuant to a written confidentiality agreement

12  or which is protected as confidential by statute, rule or regulation.

13      3.      All "Highly Confidential" or "Confidential" Litigation Materials shall be used by

14  the parties and their counsel solely for the purpose of the prosecution or defense of litigation in

15  Case No. 06-4333 PJH, including preparing for and conducting pre-trial proceedings in this action.

16  Litigation Materials designated as "Confidential" or "Highly Confidential" shall not be disclosed

17  to anyone except as provided herein and the contents thereof shall not be used for any business,

18  commercial or competitive purpose, or used in any manner in any other case, litigation or

19  proceeding whether or not factually related to this action.

20      4.      (a)      Parties shall designate documents, including deposition transcripts, in good

21  faith, and shall not indiscriminately designate documents, so that produced documents are not

22  over-designated as "Confidential" or "Highly Confidential."  Any party may object in good faith to

23  the designation of Litigation Materials.  The process for resolving disputes as set forth below

24  presumes this good faith in the initial designations, objections and meet and confer process.  The

25  following process will apply to resolution of disputes hereunder:  1) any party who objects to a

26  designation by a producing party shall state concisely the basis for those objections in a letter to

27  the producing party which said letter shall not exceed 5 pages; 2) the letter need only be served by

28  fax or e-mail on the producing party to start this process; 3) the objecting party and producing

party shall have ten days from the date the letter is faxed or e-mailed to meet and confer to resolve the objections and/or narrow issues to be briefed; 4) any objections not so resolved shall be the subject of a regularly noticed motion filed by the objecting party, but the producing party shall have the burden to support the contested designations; 5) said motion shall be filed and served no later than thirty days after the meet and confer period ends; 6) ~~the objecting party shall be allowed to file an extended reply brief of up to 25 pages, unless leave of Court is obtained to file a longer reply brief; and~~ 7) only the objecting and producing parties shall file briefs, but other parties may file a two-page brief, unless leave of Court is obtained to file a longer brief.  Plaintiff States in Case No. 06-4333 PJH are not waiving any objections to prior designations of Litigation Materials in the MDL Action.

(b)     In addition to the procedures described above, the following shall apply to the process:  1) a party shall not be obligated to challenge the propriety of a confidential designation at the time that designation is made, and failure to so challenge does not preclude a subsequent challenge; 2) with the permission of the Court, either the producing or objecting party may request a short informal discovery conference to be held telephonically with the Court in order to avoid the need for any motion; 3) said conference should be held during the ten-day meet and confer period, or the thirty-day period for bringing the motion in accordance with the convenience of the Court; 4) if the producing party does not oppose the motion, then designations which are the subject of the objections are declassified; and 5) the parties will attempt in good faith to combine as many issues under this Protective Order as possible so that said matters can be handled efficiently and effectively, and the parties further reserve the right to request, for good cause shown, additional time to file any motion.

5.     Any Litigation Materials the designation of which is subject to such dispute shall be treated as "Confidential" or "Highly Confidential" as designated by the producing party pending resolution of the dispute by this Court.

6.     If any party or non-party uses Litigation Materials designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order during the course of a deposition herein, that portion of the deposition record reflecting such "Confidential" or "Highly Confidential"

1  information shall be stamped as "Confidential" or "Highly Confidential" and access thereto shall

2  be limited pursuant to the other terms of this Protective Order.  Counsel may invoke the provisions

3  of this Protective Order by stating on the record during the deposition that testimony given at the

4  deposition is designated "Confidential" or "Highly Confidential" or by designating the deposition

5  transcript or portions thereof as "Confidential" or "Highly Confidential" before the time expires

6  within which the witness may sign the deposition transcript.  No person shall be present during

7  portions of the depositions designated "Confidential" or "Highly Confidential," unless such person

8  is authorized under the terms of this order to receive Litigation Materials containing such

9  confidential information or unless the producing party consents to such person being present.  All

10  information disclosed during a deposition shall be deemed to have been designated "Highly

11  Confidential" until the time within which the witness may sign the transcript expires, whether or

12  not any portion of the transcript has been so designated previously.

13        7.     Nothing in this Order affects the right of the party or non-party that produced

14  "Confidential" or "Highly Confidential" Litigation Materials to use or disclose such information in

15  any way.  Such disclosure shall not waive the protections of this Protective Order and shall not

16  entitle other parties, non-parties or their attorneys to use or disclose such information in violation

17  of the Protective Order, except that if the producing party uses such materials in a manner

18  inconsistent with their confidential status, then that shall serve as a basis to object to the

19  designation and said objections shall be resolved as set forth in paragraph 4 above.

20        8.     In the event that documents or Litigation Materials are produced by another person

21  in Case No. 06-4333 PJH which are actual copies of documents or other Litigation Materials

22  which a party has produced and designated "Confidential" or "Highly Confidential," that party

23  may designate such materials under this Protective Order even if they have not been so designated

24  by the producing person.  To the extent that a person produces documents in Case No. 06-4333

25  PJH which are not actual copies of documents previously produced and designated by a party but

26  which contain a party's "Confidential" or "Highly Confidential" information, a party may

27  designate those documents, or portions thereof as may be appropriate, as "Confidential" or

28  "Highly Confidential," subject to the dispute resolution process set forth in paragraph 4 above.

1  Said designations shall be made as soon as reasonably possible, and shall contain the Bates stamp

2  number(s) of the portions of the documents designated, the nature of the designations, and if an

3  entire document is designated, which portions of the document contain the information supporting

4  the designation so that an objecting party may determine what information is specifically at issue.

5          9.      Litigation Materials marked or treated as "Confidential" or copies or extracts

6  therefrom and the information therein, may be given, shown, made available to, or communicated

7  to only the following:

8          a.      the Court, all Court personnel, any discovery referee or any settlement

9  mediator;

10          b.      court reporters and videographers who record depositions or other

11  testimony in this action;

12          c.      named parties, including an officer, director or in-house counsel of a named

13  party or its affiliated companies;

14          d.      other employees of a named party or its affiliated companies, but only for

15  the specific purpose of working directly on the litigation at the request or at the direction of

16  counsel;

17          e.      outside counsel for the named parties and employees of such counsel to

18  whom it is necessary that the Litigation Materials be shown for purposes of this litigation;

19          f.      pursuant to the provisions of paragraph 12(a), consultants and experts to

20  whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in

21  this litigation;

22          g.      deposition witnesses;

23          h.      employees of copying, imaging and computer services for the purpose of

24  copying, imaging or organizing documents provided that all documents designated as

25  "Confidential" are retrieved by the party furnishing those documents upon completion of the

26  services;

27          i.      any other person upon the written agreement of the party or non-party who

28  designated the Litigation Materials as "Confidential" (which agreement may be recorded in a

deposition or other transcript), or pursuant to court order; and

          j.     the author, addressees and recipients of the documents or any person who would have had access to such information by virtue of his/her employment.

          10.     Litigation Materials marked or treated as "Highly Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to or communicated to only the following:

          a.     the Court, all Court personnel, any discovery referee or any settlement mediator;

          b.     court reporters and videographers who record depositions or other testimony in this action;

          c.     employees of copying, imaging and computer services for the purpose of copying, imaging or organizing documents provided that all documents designated as "Highly Confidential" are retrieved by the party furnishing those documents upon completion of the services;

          d.     counsel of the law firms signing this stipulation or employees of such counsel to whom it is necessary that the Litigation Materials be shown for purposes of this litigation;

          e.     in-house counsel for a named party or its affiliated companies, so long as this in-house counsel has executed the Agreement attached hereto as Exhibit A, provided, however, that if (i) such person is an in-house counsel for a party that is a defendant in this action or for an affiliated company of a defendant and (ii) the "Highly Confidential" documents have been produced by a defendant, then such in-house counsel must be approved in writing by the producing defendant to receive its "Highly Confidential" documents, unless otherwise ordered by the Court;

          f.     pursuant to the provisions of paragraph 12(a)-(c), consultants and experts to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this litigation; and

          g.     the author, addressees and recipients or any person who would have had

1   access to such information by virtue of his/her employment as well as deposition witnesses

2   presently employed by the party producing the highly confidential document.

3          11.     If a party in this litigation other than the producing party desires to give, show,

4   make available or communicate any Litigation Materials marked or treated as "Confidential" or

5   "Highly Confidential" to any person who is not specifically authorized pursuant to the terms of

6   this Protective Order to have access to such Litigation Materials, the party intending to disclose

7   the materials shall notify the producing party of such intent no less than three business days prior

8   to the intended disclosure. Said notification shall be sufficiently specific to inform the producing

9   party of the intended scope of the disclosure, including the name and/or job description of the

10   person to whom such disclosure is intended. The parties will then attempt to negotiate the terms

11   of disclosure within two business days of the notification. If no agreement can be reached during

12   this shortened meet and confer period, then the dispute shall be the subject of a regularly noticed

13   motion filed by the objecting party with the producing party bearing the burden to support

14   nondisclosure, pursuant to the dispute resolution procedure in paragraph 4 above, except that any

15   party may move on an ex parte or expedited basis for an order shortening time if a scheduled

16   deposition or Court date could be delayed or cancelled. This paragraph does not apply to "Highly

17   Confidential" documents which are used at deposition or trial in good faith for impeachment

18   purposes only; provided, however, that the party desiring to use, pursuant to this exception, a

19   "Highly Confidential" document for impeachment purposes at a deposition shall alert the

20   producing party at least 48 hours in advance of its intent to use the "Highly Confidential"

21   document under this exception, and then the requesting party and the producing party shall meet

22   and confer in good faith to address confidentiality concerns and appropriate redactions, with any

23   dispute being brought to the Court's attention for resolution on an expedited basis (by telephone

24   conference or other means directed by the Court) in which only the requesting party and the

25   producing party have notice or participate, so that the deposition is not delayed. If such a

26   proceeding were to occur, the requesting party shall provide written notice of the fact of the

27   proceeding and the production number of the "Highly Confidential" document at issue to the other

28   parties to the action immediately after the conclusion of the deposition in which the request arose.

A producing party who is notified of a request to use a "Highly Confidential" document for impeachment purposes, pursuant to this paragraph, shall not disclose the fact of that request or the document or its contents to the deposition witness, the attorney for the deposition witness, or any other party to this action.

12.    (a)    If any party wishes to disclose Litigation Materials produced by any other party and designated "Confidential" or "Highly Confidential" to any expert or consultant, the expert or consultant must sign the agreement attached hereto as Exhibit A.  Nothing in this Protective Order shall require that non-testifying experts or consultants be deposed or otherwise be the subject of discovery.

(b)    If any party desires to disclose another party's information designated "Highly Confidential" to any expert or consultant pursuant to paragraph 10(f) above, and that expert or consultant, in the five years prior to the date this Order is entered, has worked for one of the defendants (or their predecessors) then and only then, that party must first identify in writing to the attorneys for the producing party that expert or consultant and a general description of the nature of that engagement sufficient to allow the producing party to determine if it will object to the disclosure of its "Highly Confidential" information to that expert or consultant, unless the producing party agrees to permit disclosure without such information.  The attorney for the producing party shall have five (5) days from receipt of such notice to undertake the dispute resolution procedures set forth in paragraph 4 above, and any objections not informally resolved shall be the subject of a regularly noticed motion by the producing party who shall have the burden to support the restriction on dissemination of its "Highly Confidential" information to that expert or consultant.

(c)    Such identification shall include the full name, professional address and affiliation of the expert or consultant, the present and prior employments or consultancies of the expert or consultant and work done for defendants and/or their predecessors (other than work done for the party engaging that expert or consultant in this litigation.)

13.    Each person (except for the Court, Court personnel, any discovery referee, any settlement mediator, court reporters and videographers and copying, imaging and computer

1  service employees) provided access to Litigation Materials marked "Confidential" or "Highly
2  Confidential" pursuant to the terms of the Protective Order shall, before gaining such access,
3  receive a copy of this Protective Order and, as to those persons described in paragraphs 9 and 10
4  shall sign an agreement in the form attached hereto as "Exhibit A" or shall agree to be bound by
5  the terms of this Protective Order on the record at a deposition or hearing in this litigation.  A file
6  shall be maintained by each attorney of record for a party of all written agreements signed by
7  persons who have received such Litigation Materials from that party or persons affiliated with that
8  party.

9      14.    Each witness in a deposition shall be provided with a copy of this Order at the start
10 of the examination and shall be advised on the record that he or she is bound by the terms of this
11 Order and applicable remedies under law for violating the terms of this Order.

12     15.    Litigation Materials designated "Confidential" or "Highly Confidential," when filed
13 with pleadings or as evidence, shall be sealed in conformance with Local Rule 79-5.

14     16.    "Confidential" and "Highly Confidential" Litigation Materials shall maintain such
15 protections and designations in connection with any trial in this action.  Before the trial begins, the
16 parties will meet and confer in good faith as part of the pre-trial conference statement process to
17 put into place a procedure for identification of and use of "Confidential" or "Highly Confidential"
18 documents at trial.  Any documents which remain "Confidential" or "Highly Confidential" before
19 trial shall maintain their status through the time of the pre-trial conference or resolution of the
20 procedures described above.

21     17.    The provisions of this Order may be modified at any time by stipulation of the
22 parties approved by order of the Court.  In addition, a party may at any time apply to the Court for
23 modification of this Protective Order pursuant to a motion brought in accordance with the rules of
24 the Court.  Nothing in this Stipulation and Order shall constitute: (i) an agreement by any party to
25 produce any documents or other materials in discovery not otherwise agreed upon or required by
26 court order or the Federal Rules of Civil Procedure; (ii) a waiver by any person or party of any
27 right to object to or seek a further protective order with respect to any discovery in this or any
28 other action; or (iii) a waiver of any claim of immunity or privilege with respect to any testimony,

1   document or information.

2       18.    In the event that Litigation Materials designated as "Confidential" or "Highly
3   Confidential" are disclosed to someone not authorized under the terms of this Protective Order to
4   receive such information, counsel of record for the party involved shall immediately give notice to
5   counsel of record for the party who designated the Litigation Materials as "Confidential" or
6   "Highly Confidential," and shall also describe the circumstances surrounding the unauthorized
7   disclosure. If a party fails to treat documents designated as "Confidential" or "Highly
8   Confidential" in the manner provided herein, the party should immediately take such steps as are
9   necessary to have such items placed under seal and/or restored to their confidential status.

10      19.    In the event that Litigation Materials claimed to be "Confidential" or "Highly
11  Confidential" are inadvertently produced without the appropriate designation, such documents and
12  copies thereof shall be returned to the producing party within five days of any written notice
13  requesting their return to affix the appropriate designation or immediately stamped "Confidential"
14  or "Highly Confidential" as requested by the producing party. The receiving party may challenge
15  the confidential nature of the documents, but the inadvertent production of the documents, or the
16  giving of testimony, claimed to be "Confidential" or "Highly Confidential" shall not constitute a
17  waiver of the confidentiality designation.

18      20.    Inadvertent production of any document produced in this action by any party or
19  non-party that a party or non-party later claims should have been withheld on grounds of a
20  privilege, including the work product doctrine (collectively referred to as an "Inadvertently
21  Produced Privileged Document") will not be deemed to waive any privilege or work product
22  protection. A party or non-party may request the return of any document that it inadvertently
23  produced by identifying the Inadvertently Produced Privileged Document and stating the basis for
24  withholding such document from production and providing any other information that would be
25  listed on a supplemental privilege log disclosing the document. If a party or non-party requests
26  the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document
27  then in the custody of one of more parties, the possessing parties shall within seven business days
28  return to the requesting party or non-party the Inadvertently Produced Privileged Document and

1    all copies thereof and shall expunge from any other document or material information solely

2    derived from the Inadvertently Produced Privileged Document. After a document is returned

3    pursuant to this paragraph, a party may move the Court for an order compelling production of the

4    document.

5        21.    Within ninety days following termination of this litigation (including the final

6    resolution of any appeals), the originals and all copies, whether exact copies or compilations,

7    digests or non-exact copies in any form, of Litigation Materials designated as "Confidential" or

8    "Highly Confidential" shall be returned to the party who produced such documents or may be

9    disposed of in some other manner that is mutually agreeable among the parties. Notwithstanding

10   this, however, counsel of record may retain their file copies of all court filings, deposition or

11   hearing transcripts and exhibits, and correspondence, provided that counsel of record continues to

12   treat all "Confidential" or "Highly Confidential" Litigation Materials in the manner provided for in

13   this Protective Order.

14       22.    The termination of proceedings in this action shall not thereafter relieve the parties

15   from the obligation of maintaining the confidentiality of all Litigation Materials designated as

16   "Confidential" or "Highly Confidential" which are received pursuant to this Protective Order, and

17   are not used at trial, or are used at trial under restriction designed to exclude from the public

18   record those portions of the Litigation Materials that were designated as "Confidential" or "Highly

19   Confidential." This provision shall not apply to any Litigation Materials that are the subject of a

20   superseding ruling of the Court as to the scope of their disclosure. The Court shall retain

21   jurisdiction to enforce and/or to modify this Protective Order.

22       23.    The terms of this Protective Order shall apply to discovery directed to non-parties

23   to this Litigation, and such non-parties may specifically invoke or waive the terms and protections

24   of this Protective Order. To the extent that any discovery is served on a non-party, the party

25   serving the discovery shall provide the non-party with a copy of this Protective Order and

26   specifically mention the non-party's right to invoke or waive the terms of this Protective Order.

27       24.    The terms of this Protective Order apply only to designated materials, documents or

28   information that are produced in this case. If materials, documents, or information disclosed or

1  produced to one or more Plaintiff States under state law or under any agreement pursuant to an
2  investigative subpoena, a Civil Investigation Demand, or other request are produced or deemed
3  produced in this case, then the provisions of this Protective Order, including paragraph 16 of this
4  Protective Order, shall apply.  To the extent this Protective Order does not apply to materials,
5  documents or information disclosed or produced to one or more Plaintiff States under state law or
6  under any agreement pursuant to an investigative subpoena, a Civil Investigation Demand, or
7  other request, the use and disclosure of such materials, documents, or information are governed by
8  the relevant state law pursuant to which the Plaintiff State in question obtained the documents,
9  materials, or information and/or by any agreement reached between the individual Plaintiff States
10 and the producing party.  This Protective Order, the relevant state laws pursuant to which the
11 Plaintiff States obtained materials, documents or information from the producing parties and any
12 agreements reached between individual Plaintiff States and producing parties shall be construed to
13 ensure the maximum possible protection for the materials, documents or information produced by
14 Defendants herein, with this Protective Order controlling in the event of any conflict between this
15 Protective Order and the relevant state laws and/or agreements pursuant to which the Plaintiff
16 States obtained materials, documents or information from the producing parties.

17         25     The parties acknowledge that, by entering into this Stipulation, the parties do not
18 waive any claims or defenses, including defenses regarding the service of plaintiffs' complaint or
19 jurisdiction.

20 /
21 /
22 /
23 /
24 /
25 /
26 /
27 /
28 /

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

Date: March 12, 2007

                    TALIS J. COLBERG
                    Attorney General of Alaska




By: *[signature]*
                    Clyde E. Stiffen, Jr. AK Bar # 8906036
                    Senior Assistant Attorney General
                    *Appearing Pro Hac Vice*

                    Alaska Department of Law
                    1031 W. 4th Avenue #200
                    Anchorage, AK 99501
                    (907) 269-5200

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: **3/9/07**

TERRY GODDARD, Attorney General
of the State of Arizona


By: _____
NANCY M. BONNELL, AZ Bar #016382
Antitrust Unit Chief
*Appearing Pro Hac Vice*

Office of the Attorney General
1275 West Washington Street
Phoenix, Arizona 85007-2926
Tel. (602) 542-7728
Fax. (602) 542-0988
E-mail: nancy.bonnell@azag.gov

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 3/7/07

DUSTIN MCDANIEL
Attorney General of Arkansas

By: _____

Bradford Phelps
Assistant Attorney General
*Appearing Pro Hac Vice*

Arkansas Bar No. 2001245
Office of the Attorney General
323 Center St.
Little Rock, AR 72201
501/682-3625 (Phone)
501/682-8118 (Facsimile)
Bradford.phelps@ag.state.ar.us

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

Dated: ___March 7 2007___

EDMUND G. BROWN, JR.
Attorney General of the State of California

By: ___Kathleen Foote___

Kathleen Foote
Senior Assistant Attorney General

Office of the Attorney General of California
455 Golden Gate Avenue
San Francisco, California 94102-3664
Telephone: (415) 703-5555

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH


April 2, 2007


JOHN W. SUTHERS
Attorney General


DEVIN M. LAIHO
Assistant Attorney General
Consumer Protection Section
Attorneys for the State of Colorado

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone:  303-866-5079
Devin.Laiho@state.co.us

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE:  March 9, 2007

JOSEPH R. BIDEN III
Attorney General of the State of Delaware

By:  _____

MICHAEL A. UNDORF, DE Bar # 3874
Deputy Attorney General
*Appearing Pro Hac Vice*

Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Tel. (302) 577-8924

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: *3/5/07*

MARK J. BENNETT
Attorney General of the State of Hawaii

By:

DEBORAH DAY EMERSON
Supervising Deputy Attorney General
RODNEY I. KIMURA
*Appearing Pro Hac Vice*
C. BRYAN FITZGERALD
Deputy Attorneys General

Department of the Attorney General
State of Hawaii
425 Queen Street
Honolulu, Hawaii  96813
Telephone:  (808) 586-1180

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 3/5/07

> LAWRENCE G. WASDEN
> Attorney General of the State of Idaho

By: _____

Brett T. DeLange (ISB No. 3628)
Deputy Attorney General
*Appearing Pro Hac Vice*

Consumer Protection Unit
Office of the Attorney General
Len B. Jordan Building
650 W. State St., Lower Level
P. O. Box 83720
Boise, Idaho 83720-0010
Telephone:    (208) 334-4114
FAX:  (208) 334-2830
brett.delange@ag.idaho.gov

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

Dated: _March 9, 2007_

LISA MADIGAN
Attorney General of Illinois


By: _Blake T. Harrop_

Blake L. Harrop
Assistant Attorney General
*Appearing Pro Hac Vice*

Office of the Attorney General of Illinois
James R. Thompson Center
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-1004

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: *March 6, 2007*

THOMAS J. MILLER
Attorney General of Iowa
JOHN F. DWYER
Attorney

By: _____
LAYNE M. LINDEBAK
Assistant Attorney General
Special Litigation Division
Iowa Department of Justice
Second Floor Hoover Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
Tel. (515) 281-7054

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE:   3/12/07

                        GREGORY D. STUMBO
                        Kentucky Attorney General


By:   _MARYELLEN B. MYNEAR (signature)_

                        MARYELLEN B. MYNEAR
                        *Appearing Pro Hac Vice*
                        Litigation Branch Manager
                        Assistant Attorney General
                        Consumer Protection Division
                        1024 Capital Center Dr.
                        Frankfort, KY 40601
                        (502) 696-5389
                        (502) 573-8317 fax

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 3/6/07

                 CHARLES C. FOTI, JR., Attorney General
                 of the State of Louisiana


       BY: *Jane Bishop Johnson*
               JANE BISHOP JOHNSON, LA Bar # 21651
               AAG/Antitrust
               *Appearing Pro Hac Vice*

               Louisiana Department of Justice
               1885 N. 3rd Street, 4th Floor
               Baton Rouge, LA 70802
               Tel. (225) 326-6467

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE:    3-9-07

G. STEVEN ROWE, Attorney General
of the State of Maine

By:   *Christina M. Moylan*
CHRISTINA M. MOYLAN, ME Bar 7095
Assistant Attorney General
*Appearing Pro Hac Vice*

Office of the Attorney General
6 State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8838

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 3/15/07

                    DOUGLAS F. GANSLER,
                    Maryland Attorney General


                    John R. Tennis
                    Assistant Attorney General
                    *Appearing Pro Hac Vice*
                    Office of the Attorney General
                    Antitrust Division
                    200 St. Paul Place, 19th Floor
                    Baltimore, Maryland 21202
                    Tel. # (410) 576-6470
                    Fax # (410) 576-7830

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE:  _3/9/07_

MARTHA COAKLEY
Attorney General of the
Commonwealth of Massachusetts




By: _____
MARY B. FREELEY, (MA BBO#544788)
Assistant Attorney General


Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Tel. (617) 727-2200

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: __3-6-07__

                    State of Michigan
                    MICHAEL A. COX
                    Attorney General

By: __D.J. Pascoe__
                    D.J. Pascoe
                    Assistant Attorney General
                    *Appearing Pro Hac Vice*
                    Consumer Protection Division
                    Attorneys for the State of Michigan
                    G. Mennen Williams Building, 6th Floor
                    525 W. Ottawa Sweet
                    Lansing, Michigan 48933
                    Telephone: (517) 335-0855
                    Fax: (517) 373-4941

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: _March 5, 2007_

LORI SWANSON
Attorney General
State of Minnesota


By: _____
KRISTEN M. OLSEN
Assistant Attorney General
Atty. Reg. No. 30489X
*Appearing Pro Hac Vice*

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
(651) 296-2921 (Voice)
(651) 282-5437 (fax)
ATTORNEYS FOR PLAINTIFF
STATE OF MINNESOTA

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 3/7/07

JIM HOOD
ATTORNEY GENERAL


By: _____
Sondra Simpson McLemore
Special Assistant Attorney General
*Appearing Pro Hac Vice*

Consumer Protection
802 North State Street Suite 301
Jackson, MS 39225
(601) 359-3748
(601) 359-4231 (Fax)
Ssimp@ago.state.ms.us

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: __3/6/07__

JON BRUNING
Attorney General of the State of Nebraska,

BY: _Llewelling_

Lynne R. Fritz, NSBA #18665
Leslie C. Levy, NSBA #20673
Assistant Attorneys General

2115 State Capitol
Lincoln, NE 68509-8920
Tel.: (402) 471-2682

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE:    March 6, 2007

KELLY A. AYOTTE
Attorney General
State of New Hampshire

By:  _____
David A. Rienzo (N.H. Bar No 13860)
Assistant Attorney General
*Appearing Pro Hac Vice*

Consumer Protection and Antitrust Bureau
33 Capitol Street
Concord, New Hampshire 03301
(603) 271-1249
(603) 223-6239 (facsimile)
david.rienzo@doj.nh.gov

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: *March 5, 2007*

GARY KING
Attorney General of the State of New Mexico


By: _____
DEYONNA YOUNG, NM Bar No. 2980
Assistant Attorney General
*Appearing Pro Hac Vice*

Office of the Attorney General
111 Lomas Boulevard NW, Suite 300
Albuquerque, New Mexico 87102
Tel.: (505) 222-9089

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE:  3/6/07

                    CATHERINE CORTEZ MASTO
                    Attorney General of the State of Nevada
                    ERIC WITKOSKI
                    Chief Deputy Attorney General
                    Consumer Advocate

By:

                    BRIAN ARMSTRONG
                    Senior Deputy Attorney General

                    Office of the Attorney General
                    Bureau of Consumer Protection
                    555 East Washington Avenue, Suite 3900
                    Las Vegas, Nevada 89101
                    Tel. (702) 486-3420

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: March 6, 2007

                    ROY COOPER
                    Attorney General of North Carolina

By: _____
                    K. D. Sturgis
                    Assistant Attorney General
                    N.C. State Bar. No. 9486
                    *Appearing Pro Hac Vice*

                    North Carolina Department of Justice
                    P. O. Box 629
                    Raleigh, NC 27602
                    Tel. 919/716.6000
                    Fax 919/716.6050
                    ksturgis@ncdoj.gov

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: *3-5-07*

WAYNE STENEHJEM
Attorney General of the State of North Dakota

BY: _____

Todd A. Sattler, ND ID No. 05719
Assistant Attorney General
*Appearing Pro Hac Vice*

Office of Attorney General
Consumer Protection and Antitrust Division
4205 State Street
PO Box 1054
Bismarck, ND 58502-1054
Phone: (701) 328-5570

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 7 March 2007, Ch.S.T.

MATTHEW T. GREGORY
Northern Mariana Islands Bar No. F0205
Attorney General of the Commonwealth of the
Northern Mariana Islands

BY: _Gregory Baka_____
GREGORY BAKA
Northern Mariana Islands Bar No. F0199
California Bar No. 145687 (inactive)
    Admitted to N.D. Cal. Dec. 11, 1989
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg, 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone: (670) 664-2341
Fax: (670) 664-2349
E-mail: cnmioag.antitrust@yahoo.com

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 3 6 07

MARC DANN, Attorney General
of the State of Ohio

By: JAMES C. ROBERTS, OH Bar #0077733
Assistant Attorney General
*Appearing Pro Hac Vice*
MITCHELL L. GENTILE, OH Bar #0022274
Principal Attorney General

State of Ohio Office of the Attorney General
Antitrust Section
150 East Gay Street, 20th Floor
Columbus, Ohio 43215
Tel. (614) 466-4328

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 3-9-07

W.A. DREW EDMONDSON
OKLAHOMA ATTORNEY GENERAL

By: _____
THOMAS A. BATES, OBA NO. 15672
ASSISTANT ATTORNEY GENERAL
*Appearing Pro Hac Vice*

4545 N. Lincoln Blvd., Suite 260
Oklahoma City, Oklahoma 73105
Phone: (405) 522-1013

Date: _3/6/07_

HARDY MYERS, Attorney General
For the State of Oregon

By: _____
Tim Nord
OSB #88280
Senior Assistant Attorney General
*Appearing Pro Hac Vice*

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
503 947-4333 voice
503 378-5017 facsimile
Tim.Nord@state.or.us email

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 3/9/2007

              TOM CORBETT, Attorney General Commonwealth of
              Pennsylvania

              WILLIAM H. RYAN, JR.
              First Deputy Attorney General

              ALEXIS L. BARBIERI
              Executive Deputy Attorney General
              Public Protection Division
              *Appearing Pro Hac Vice*

By: _____
              JAMES A. DONAHUE, III
              Chief Deputy Attorney General
              Pennsylvania State Bar #42624
              *Appearing Pro Hac Vice*

              Commonwealth of Pennsylvania
              Pennsylvania Office of Attorney General
              Antitrust Section
              14th Floor, Strawberry Square
              Harrisburg, PA 17120
              Telephone:  (717) 787-4530
              Facsimile:  (717) 705-7110

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: *March 6, 2007*

> PATRICK C. LYNCH
> Attorney General
> State of Rhode Island
>
>
>
> By: *Edmund F. Murray Jr.*
> Edmund F. Murray, Jr., #3096
> Special Assistant Attorney General
> *Appearing Pro Hac Vice*
>
> 150 South Main Street
> Providence, RI 02903
> (401) 274-4400 ext. 2401

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 3/6/07

HENRY McMASTER
South Carolina Attorney General
C. HAVIRD JONES, JR.
Senior Assistant Attorney General


BY: _____
C. HAVIRD JONES, JR.
Senior Assistant Attorney General
*Appearing Pro Hac Vice*

Office of the Attorney General
P. O. Box 11549
Columbia, SC 29211
(803) 734-3680 (telephone)
(803) 734-3677 (fax)

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: ___3/12/07___

ROBERT E. COOPER, JR.
Attorney General of the State of Tennessee

By: ___*S. Elizabeth Martin*___
S. ELIZABETH MARTIN, TN BPR # 13329
Senior Counsel
*Appearing Pro Hac Vice*

425 5th Avenue North
Nashville, Tennessee 37243-0485
615-532-5732

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: _3/07/07_

GREG ABBOTT
Attorney General of Texas

By: _____

Mark A. Levy
State Bar #24014555
Assistant Attorney General
*Appearing Pro Hac Vice*

Antitrust & Civil Medicaid Fraud Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
512-936-1847 voice
512-320-0975 telecopy
Mark.Levy@oag.state.tx.us

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: *MArch 14, 2007*

MARK L. SHURTLEFF
Attorney General of the
State of Utah


By: *[signature]*

RONALD J. OCKEY, Utah State Bar #2441
Assistant Attorney General
*Appearing Pro Hac Vice*

Office of the Attorney General of Utah
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84111
Tel. 801-366-0359
Fax 801-366-0315
Email: rockey@utah.gov

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE:   March 12, 2007

WILLIAM H. SORRELL
Attorney General of the State of Vermont

By: _____
DAVID BORSYKOWSKY
Assistant Attorney General

Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-1057

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: March 6, 2007

> ROBERT F. MCDONNELL, Attorney General
>   of the Commonwealth of Virginia
> WILLIAM C. MIMS
> Chief Deputy Attorney General
> DAVID B. IRVIN
> Senior Assistant Attorney General
> Chief, Antitrust & Consumer Litigation Section
>
>
>
> By:  *Sarah Oxenham Allen*
>   SARAH OXENHAM ALLEN, VA Bar #33217
>   Assistant Attorney General
>   *Appearing Pro Hac Vice*
>
>   Antitrust & Consumer Litigation Section
>   Office of the Attorney General
>   900 East Main Street
>   Richmond, VA 23219
>   Tel. (804) 786-6557

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: 3-22-07

              ROBERT MCKENNA
              Attorney General
              TINA E. KONDO
              Senior Assistant Attorney General

              BRADY R. JOHNSON
              Assistant Attorney General
              Washington State Bar No. 21732
              *Appearing Pro Hac Vice*

              800 Fourth Avenue, #2000
              Seattle, WA 98104
              206-389-2848 (tel)
              206-587-5636(fax)

Signature for Stipulation and [Proposed] Protective Order in
*State of California, et al. v. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS), MDL NO. 1486, Case No. C06-4333 PJH

DATE: *3·6·07*

J.B. VAN HOLLEN
Attorney General of Wisconsin


By: _____
    GWENDOLYN J. COOLEY
    Assistant Attorney General
    *Appearing Pro Hac Vice*

    Wisconsin Department of Justice
    Post Office Box 7857
    Madison, Wisconsin 53707-7857
    (608) 261-5810 voice
    (608) 267-2778 facsimile
    cooleygj@doj.state.wi.us

1

2  By: _____

3  James G. Kreissman
   Harrison J. Frahn IV
4  Isabelle A. Young
   **SIMPSON THACHER & BARTLETT LLP**
5  2550 Hanover Street
   Palo Alto, CA 94304
6  Telephone: (650) 251-5000
   Facsimile: (650) 251-5002
7
   **Attorneys for Defendants Elpida Memory,**
8  **Inc. and Elpida Memory (USA) Inc.**

9  Dated:  March 3 0 2007

10

11

12

13

14

15

16

17

18

19

By: _____

Kenneth R. O'Rourke
Steven Bergman
Peter Nemirovski
Daniel L. Alexander
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Ian Simmons
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Albert J. Boro, Jr.
Terrence A. Callan
**PILLSBURY WINTHROP SHAW**
**PITTMAN LLP**
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

**Attorneys for Defendants Hynix**
**Semiconductor, Inc. and Hynix**
**Semiconductor America, Inc.**

Dated:  March ___, 2007

20

21

22

23

24

25

26

27

28

By___Julian Brew/JSS_____

Saretta C. McDonough
**KIRKLAND & ELLIS LLP**
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Aton Arbisser
Julian Brew
**KAYE SCHOLER LLP**
1999 Avenue of the Stars #1700
Los Angeles, CA 90067-6048
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

**Attorneys for Defendants Infineon
Technologies AG and Infineon Technologies
North America Corp.**

Dated: March 29th, 2007

By:_____

Stephen V. Bomse
Michael Shepard
David C. Brownstein
Scott E. Morgan
**HELLER EHRMAN LLP**
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

**Attorneys for Defendants Mosel Vitelic, Inc.
and Mosel Vitelic Corp.**

Dated: March ___, 2007

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. C-06-4333-PJH

By_____

Saretta C. McDonough
**KIRKLAND & ELLIS LLP**
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Aton Arbisser
Julian Brew
**KAYE SCHOLER LLP**
1999 Avenue of the Stars #1700
Los Angeles, CA 90067-6048
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

**Attorneys for Defendants Infineon
Technologies AG and Infineon Technologies
North America Corp.**

Dated: March ___, 2007

By: _David Brownstein_
(by AHC)

Stephen V. Bomse
Michael Shepard
David C. Brownstein
Scott E. Morgan
**HELLER EHRMAN LLP**
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

**Attorneys for Defendants Mosel Vitelic, Inc.
and Mosel Vitelic Corp.**

Dated: March ___, 2007

By: _____

Joel S. Sanders
**GIBSON, DUNN & CRUTCHER LLP**
One Montgomery Street
Suite 3100
San Francisco, CA 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

William J. Baer
Wilson D. Mudge
Mark R. Merley
**ARNOLD & PORTER LLP**
Thurman Arnold Buildings
555 Twelfth Street, N.W.
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Ronald C. Redcay
**ARNOLD & PORTER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-2513
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
ronald.redcay@aporter.com

**Attorneys for Micron Technology, Inc. and
Micron Semiconductor Products, Inc.**

Dated: March ___, 2007

By: _____

Robert B. Pringle
Paul R. Griffin
Jonathan E. Swartz
**THELEN REID BROWN RAYSMAN &
STEINER LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105-3606
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

**Attorneys for Defendant NEC Electronics
America, Inc.**

Dated: March ___, 2007

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. C 06-4333 PJH

By: _____

Joel S. Sanders
**GIBSON, DUNN & CRUTCHER LLP**
One Montgomery Street
Suite 3100
San Francisco, CA 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

William J. Baer
Wilson D. Mudge
Mark R. Merley
**ARNOLD & PORTER LLP**
Thurman Arnold Buildings
555 Twelfth Street, N.W.
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Ronald C. Redcay
**ARNOLD & PORTER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-2513
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
ronald.redcay@aporter.com

**Attorneys for Micron Technology, Inc. and
Micron Semiconductor Products, Inc.**

Dated: March ___, 2007

By: *Paul R. Griffin*

Robert B. Pringle
Paul R. Griffin
Jonathan E. Swartz
**THELEN REID BROWN RAYSMAN &
STEINER LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105-3606
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

**Attorneys for Defendant NEC Electronics
America, Inc.**

Dated:  March 30 , 2007

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. C 06-4333 PJH

1

2 By: _Howard Ullman_
w/permission JAY

3 Howard M. Ullman
**ORRICK, HERRINGTON & SUTCLIFFE**
4 **LLP**
The Orrick Building
5 405 Howard Street
San Francisco, CA 94105-2669
6 Telephone: (415) 773-5700
Facsimile: (415) 773-5759
7 hullman@orrick.com

8 Robert E. Freitas
**ORRICK, HERRINGTON & SUTCLIFFE**
9 **LLP**
1000 Marsh Road
10 Menlo Park, CA 94025
Telephone: (650) 614-7400
11 Facsimile: (650) 614-7401

12 **Attorneys for Defendants Nanya Technology**
**Corporation and Nanya Technology**
13 **Corporation USA, Inc.**

April 2
14 Dated: ~~March~~ ___, 2007

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | | | |
|---|---|---|---|
| 1 | | | |
| 2 | By:_____ | By: *Steven Bergman /kyo* | |
| 3 | James G. Kreissman | Kenneth R. O'Rourke | |
| | Harrison J. Frahn IV | Steven Bergman | |
| 4 | Isabelle A. Young | **O'MELVENY & MYERS LLP** | |
| | **SIMPSON THACHER & BARTLETT LLP** | 400 South Hope Street | |
| 5 | 2550 Hanover Street | Los Angeles, CA 90071 | |
| | Palo Alto, CA 94304 | Telephone: (213) 430-6000 | |
| 6 | Telephone: (650) 251-5000 | Facsimile: (213) 430-6407 | |
| | Facsimile: (650) 251-5002 | | |
| 7 | | Michael F. Tubach | |
| | **Attorneys for Defendants Elpida Memory,** | **O'MELVENY & MYERS LLP** | |
| 8 | **Inc. and Elpida Memory (USA) Inc.** | 275 Battery St. | |
| | | San Francisco, CA 94111 | |
| 9 | Dated: March ___, 2007 | Telephone:   (415) 984-8700 | |
| | | Facsimile:   (415) 984-8701 | |
| 10 | | | |
| 11 | | **Attorneys for Defendants Hynix** | |
| | | **Semiconductor, Inc. and Hynix** | |
| 12 | | **Semiconductor America, Inc.** | |
| 13 | | Dated: March **23**, 2007 | |
| 14 | | | |
| 15 | | | |
| 16 | By_____ | By:_____ | |
| | Saretta C. McDonough | Stephen V. Bomse | |
| 17 | **KIRKLAND & ELLIS LLP** | Michael Shepard | |
| | 777 South Figueroa Street | David C. Brownstein | |
| 18 | Los Angeles, CA 90017 | Scott E. Morgan | |
| | Telephone: (213) 680-8400 | **HELLER EHRMAN LLP** | |
| 19 | Facsimile: (213) 680-8500 | 333 Bush Street | |
| | | San Francisco, CA 94104-2878 | |
| 20 | Aton Arbisser | Telephone: (415) 772-6000 | |
| | Julian Brew | Facsimile: (415) 772-6268 | |
| 21 | **KAYE SCHOLER LLP** | | |
| | 1999 Avenue of the Stars #1700 | **Attorneys for Defendants Mosel Vitelic, Inc.** | |
| 22 | Los Angeles, CA 90067-6048 | **and Mosel Vitelic Corp.** | |
| | Telephone: (310) 788-1000 | | |
| 23 | Facsimile: (310) 788-1200 | Dated: March ___, 2007 | |
| 24 | **Attorneys for Defendants Infineon** | | |
| | **Technologies AG and Infineon Technologies** | | |
| 25 | **North America Corp.** | | |
| 26 | Dated: March ___, 2007 | | |
| 27 | | | |
| 28 | | | |

1

[~~PROPOSED~~] ORDER

2

3
Based on the stipulation of the parties, and for good cause shown, the foregoing is hereby
SO ORDERED:   AS MODIFIED ON PAGE 3.

4

5
Dated: April __9__, 2007



6
Hon. Phyllis J. Hamilton

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. C 06-4333 PJH

04/02/2007 12:18 PM

EXHIBIT A

AGREEMENT CONCERNING MATERIAL COVERED BY AN ORDER ENTERED
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he or she has read the attached STIPULATION

AND PROTECTIVE ORDER entered in the United States District Court for the Northern District

of California, in the litigation known as THE STATE OF CALIFORNIA, ET AL. v. INFINEON

TECHNOLOGIES AG, ET AL., Case No. C 06-4333 PJH, and understands the terms thereof and

agrees to be bound by such terms. The undersigned further acknowledges and understands that a

violation of the Protective Order could be punishable as a contempt of court.


Dated:_____          _____


                                          _____
                                                    [Type or Print Name]