UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, ET AL.,<br><br>   Plaintiff(s),<br><br> v.<br><br>INFINEON TECHNOLOGIES AG, ET AL.,<br><br>   Defendant(s). | Case No. C-06-04333 PJH (JCS)<br>Master File No. M-02-1486 PJH (JCS)<br><br>**ORDER RE JOINT LETTER OF**<br>**SEPTEMBER 5, 2007 [Docket No. 213]** |

  The Court has received a joint letter dated September 5, 2007, from Defendants Hynix Semiconductor Inc. and Hynix Semiconductor America Inc. (collectively "Hynix") and Plaintiff States in this matter [Docket No. 213], which the Court construes as a Motion to Compel. Hynix seeks an order compelling Plaintiff States to respond to interrogatories and document requests addressed to the preservation and/or destruction of documents by the named States and the public entities that they represent.

  As drawn, the interrogatories and document requests are overbroad and unduly burdensome for the reasons previously specified by the Court in response to other requests from Defendants in this matter. For example, while there may be some potential relevance in identifying efforts to preserve documents, and identifying documents that may have been destroyed, that relevance must be weighed against the extraordinary burden that would be imposed by requiring Plaintiff States to respond of the many thousands of represented entities in this matter.

  Nonetheless, some discovery along these lines is relevant to the damage study that Plaintiff States will present at summary judgment and/or trial. Balancing that relevance against the burden,

the Court concludes that some limited production is appropriate. Accordingly, good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff States shall answer Interrogatory No. 20 with respect to all central purchasing agencies in those states where such central purchasing agencies exist. In so doing, Plaintiff States need not reveal the content of any privileged communications. Plaintiff States are required, however, to identify steps taken to preserve documents potentially relevant to this litigation, with respect to such central purchasing agencies.

2. In response to Interrogatory No. 21, Plaintiff States shall identify all written document retention policies that existed for the centralized purchasing agencies during the relevant period of time. In addition, if documents relevant to this litigation have been destroyed by such centralized purchasing agencies after the commencement of this litigation, such documents shall be identified by category.

3. Except as otherwise contained herein, the Motion to Compel is DENIED.

IT IS SO ORDERED.

Dated: September 18, 2007

JOSEPH C. SPERO
United States Magistrate Judge

2