UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.,

        Plaintiffs,

        v.

INFINEON TECHNOLOGIES AG, et al.,

        Defendants.
_____/

No. C 06-4333 PJH

**ORDER GRANTING MOTION FOR CLARIFICATION**

Before the court is plaintiffs' motion for clarification with respect to the court's August 31, 2007 order granting in part and denying in part defendants' motion to dismiss plaintiffs' complaint. Plaintiffs' motion, which is unopposed, seeks clarification that plaintiff State Maryland has authority under Maryland's Antitrust Act ("MATA") to seek monetary damages for the indirect purchases of the state and its political subdivisions, and that the court was not actually dismissing the claims for damages brought on behalf of the state and its political subdivisions. For the reasons that follow, plaintiffs' motion is GRANTED.

First, clarification is warranted with respect to those indirect purchaser claims seeking money damages on behalf of the State. Plaintiffs have properly noted that the court's order could potentially create confusion as to the actual claims being dismissed, since the order (1) begins discussion of plaintiffs' MATA claims by noting that defendants specifically do not target claims on behalf of the state; but then (2) generally concludes that "plaintiffs' indirect purchaser claims pursuant to MATA" are dismissed, without distinction as to claims brought on behalf of the state, and other indirect purchasers' claims. See August

31, 2007 Order at 32:26-27, 34:7-8.  In view of this, plaintiffs are entitled to clarification that the court's August 31, 2007 order was intended to exempt from dismissal all indirect purchaser claims brought on behalf of the state pursuant to MATA, in view of the fact that (1) defendants did not seek to dismiss such claims; and (2) MATA expressly grants the State Attorney General the ability to bring such claims, per the exception stated in Md. Com. Law Code Ann. § 11-209(b)(2)(ii).

Second, clarification is also warranted with respect to indirect purchaser claims seeking money damages brought on behalf of political subdivisions.  Plaintiffs argue that defendants never actually moved to dismiss the State Attorney General's indirect purchaser claims on behalf of political subdivisions or "governmental purchasers."  Plaintiffs furthermore argue that the exception contained in Md. Com. Law Code § 11-209(b)(2)(ii) – which defendants relied on when they expressly declined to seek dismissal of plaintiffs' claims on behalf of the *state* – also applies to claims on behalf of "political subdivisions."

The court's order did not directly address whether indirect purchaser claims brought on behalf of political subdivisions can qualify under the limited exception for indirect purchaser standing codified at section 11-209(b)(2)(ii) of MATA.  This is because, upon review of the parties' original arguments, the matter was not sufficiently highlighted by the parties.  Indeed, defendants' motion was unclear as to whether defendants even sought to dismiss indirect purchaser claims brought on behalf of political subdivisions or government entities in the first place.  Regardless, upon review of plaintiffs' arguments here, in conjunction with the language of the statute and defendants' non-opposition to this' motion, the court agrees with plaintiffs that the indirect purchaser claims "on behalf of political subdivisions" are permissible, as an exception to MATA's general prohibition on indirect purchaser suits (as recognized in Davidson v. Microsoft Corp., 792 A.2d 336, 344 (Md. Ct. Spec. App. 2002)).  The exception is codified at section 11-209(b)(2)(ii).

In sum, therefore, the court hereby GRANTS plaintiffs' motion for clarification, and holds that the court's August 31, 2007 order does not contemplate dismissal of plaintiffs'

indirect purchaser claims under MATA, brought on behalf of either the State or its government entities pursuant to Md. Com. Law Code § 11-209(b)(2)(ii).

**IT IS SO ORDERED.**

Dated: October 16, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge