EDMUND G. BROWN JR.
Attorney General of the State of California
THOMAS GREENE
Chief Assistant Attorney General
KATHLEEN E. FOOTE – Cal Bar No. 65819
Senior Assistant Attorney General
NICOLE S. GORDON – Cal Bar No. 224138
Deputy Attorney General
SANGEETHA RAGUNATHAN – Cal Bar No. 229129
Deputy Attorney General
EMILIO E. VARANINI – Cal Bar No. 163952
Deputy Attorney General
455 Golden Gate Avenue
San Francisco, California  94102
Telephone: (415) 703-5555
Fax: (415) 703-5480

JOHN R. TENNIS
Assistant Attorney General
Office of the Attorney General of the State of Maryland
200 St. Paul Place, 19th Floor
Baltimore, Maryland  21202
Phone: 410.576.6470
Fax No.: 410.576.7830

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE STATE OF CALIFORNIA et al.**<br><br>Plaintiffs,<br><br>v.<br><br>**INFINEON TECHNOLOGIES AG; et al;**<br><br>Defendants. | Case No.:  C 06-4333 PJH<br><br>MDL No. 1486<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF TO FILE CORRECTED MOTION TO DISMISS (CIVIL LOCAL RULES 7-11)**<br><br>Hearing Date: January 16, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

## **OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF**

Plaintiffs hereby object to Defendants' Motion for Administrative Relief to File a Corrected Motion to Dismiss under local Rule 7-11.  Defendants' Motion is contrary to the intent of Local Rule 7-11 and is filed inappropriately late.  Local Rule 7-11 is meant for "miscellaneous administrative matters" and not to substitute new legal arguments five days before the response date.

Plaintiffs further state:

1.   On November 21, 2007, Defendants filed a Motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) to dismiss portions of Plaintiffs' Third Amended Complaint, including the claims of the State of Maryland.

2.   In Section I.C.1. of their Memorandum of Points and Authorities, Defendants cited only one case, *In re Microsoft Corp. Antitrust Litigation*, Nos. MDL 1332, 2003 WL 22070561 (D. MD 2003), to support their argument that a complaint filed pursuant to the Maryland Antitrust Act, Md. Com. Law Code Ann. §§ 11-201 *et seq.* ("MATA"), must allege that defendants engaged in "wholly" intrastate conduct.  However, *In Re Microsoft* discusses Mississippi law, not Maryland law.

3.   Shortly after Defendants' filing, Plaintiffs brought this error to Defendants' attention and, given the total absence of relevant authority for Defendants' position, requested that Defendants withdraw their Motion as to Maryland.  Instead, on December 11, 2007, Defendants requested that Plaintiffs agree to the filing of a "Corrected Motion" which would "amend" the *In re Microsoft* citation (see Tennis Declaration Exhibit 1).  However, it was not until December 19, 2007 that Plaintiffs received a draft of the proposed "Corrected Motion" for review.

4.   The proposed "Corrected Motion" did not simply substitute the correct citation

C 06 4333 PJH Plaintiffs' Opposition to Motion        2
For Administrative Relief to File Corrected Motion to Dismiss (Civil Local Rules 7-11)

for the erroneous citation as defendants represented it would, but presented a new argument based on the substituted case. Defendants' "Corrected Motion" deleted text and added a new, explanatory parenthetical, making it clear that what occurred was not simply an incorrectly cited case but a research error. Defendants improperly seek a "do-over." Mistaken research is not amenable to correction by an Administrative Motion or otherwise. For that reason, Plaintiffs promptly notified Defendants that they would object to the Defendants' "Corrected Motion" (see Tennis declaration Exhibit 2).

5.  Now, more than a month after Defendants learned of their error, more than two weeks after Plaintiffs objected to the proposed "Corrected Motion" and five days before the Plaintiffs' Response to the Motion to Dismiss must be filed, Defendants have filed this Motion for Administrative Relief. Under local Rule 7-11 Motions for Administrative Relief are to be granted only with respect to such mechanical or non-substantive matters as "motions to exceed page limitations" or "motions to file documents under seal." Making a substantive change in a motion to dismiss a complaint, less than a week before the response is due, goes well beyond the scope of Rule 7-11. Cf. *Dister v. Apple-Bay East, Inc.,* Slip Copy, 2007 WL 4045429 (N.D. Cal.) (Local Rule 7-11 an improper vehicle for a belated request for a Stay).

6.  Defendants' assertion that Plaintiff State of Maryland will not be prejudiced by granting this Administrative Motion which was filed just five days before the Response to the Motion to Dismiss is due, is completely disingenuous. Defendants have had more than one month to request leave to file what they claim was simply an amended citation and they have instead waited to the very last possible moment.

C 06 4333 PJH Plaintiffs' Opposition to Motion     3
For Administrative Relief to File Corrected Motion to Dismiss (Civil Local Rules 7-11)

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to File a Corrected Memorandum of Points and Authorities.

Dated: January 7, 2008

Respectfully submitted,

| | |
|---|---|
| EDMUND G. BROWN JR.<br>Attorney General of the State of California<br>KATHLEEN E. FOOTE – Cal Bar No. 65819<br>Senior Assistant Attorney General | ____/S/_____<br>JOHN R. TENNIS<br>Assistant Attorney General<br>Office of the Attorney General for the State of Maryland |
| ____/S/_____<br>EMILIO E. VARANINI – Cal Bar No. 163952<br>Deputy Attorney General | |
| | Attorneys for Plaintiffs |