UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.,

    Plaintiffs,

    v.

INFINEON TECHNOLOGIES AG, et al.,

    Defendants.
_____/

No. C 06-4333 PJH

**ORDER GRANTING DEFENDANTS' REQUEST TO FILE CORRECTED MOTION**

Before the court is defendants' motion for administrative relief to file a corrected motion to dismiss. Defendants seek to file a corrected version of their November 21, 2007 opening brief in support of their motion to dismiss for failure to state a claim, in order to correct defendants' reference to an improper citation that defendants inadvertently relied upon in their original filing. Plaintiffs' counsel brought the incorrect citation to defense counsel's attention as early as November 30, 2007, but when defense counsel subsequently confirmed the incorrect citation and requested that plaintiffs stipulate to the filing of an administrative motion, plaintiffs' counsel declined. Defendants then filed the instant motion, which plaintiffs have opposed.

The court is flummoxed, in the first instance, as to why the parties have felt the need to place the instant dispute before the court. As the court has had very recent occasion to announce in connection with the opt-out group of cases, the court expects all parties practicing before it to be able to work together in cooperative fashion, and to avoid burdening the court with unnecessary requests for relief that serve to detract from the time that the court must devote to more pressing and legitimate matters before it. The instant motion is exactly this type of request. It requires the court to turn its attention from more

substantive matters – some of which are pending in this very case – to a dispute that can only be characterized as trivial, and which is the direct result of the parties' refusal to work together in good faith and extend to one another the common professional courtesies that this court requires.

Turning to the parties' dispute, while true that defendants' request to correct the citation is unusual, it is also understandable, given that a mistaken citation is not improbable in a case like this one. The complaint, for example, is lengthy and asserts various causes of action under a myriad of federal and state laws, and is the subject of complex and detailed motion practice. Moreover, it is apparent to the court that once plaintiffs brought the defendants' faulty citation to defense counsel's attention and defense counsel responded by informing plaintiffs' counsel of the correct citation and requesting that plaintiffs join defendants in seeking to provide a corrected motion to the court, professional courtesy would have suggested that plaintiffs' counsel concede to such a stipulation.

For the above reasons, the court GRANTS defendants' administrative request. In doing so, the court also finds that there is no prejudice to plaintiffs because in filing their opposition brief on January 9, 2008, plaintiffs took the opportunity to address the new citation that is included in defendants' corrected motion. See Pls. Opp. Br. at 2-4.

Defendants are also instructed to file the corrected brief as an independent docket entry, for ease of reference. The corrected motion to dismiss shall be e-filed no later than the close of business day Friday, January 11, 2008.

**IT IS SO ORDERED.**

Dated: January 10, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

2