United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION, _____/ This Document Relates to: THE STATE OF CALIFORNIA, ET AL.,       Plaintiffs,     v. INFINEON TECHNOLOGIES AG, ET AL.,       Defendants. _____/ STATE OF NEW YORK,       Plaintiff,     v. MICRON TECHNOLOGY, INC., ET AL.,       Defendants. _____/ | Master File No. M-02-01486 PJH (JCS) MDL No. 1486 Case No. C-06-04333 PJH (JCS) **ORDER FOLLOWING APRIL 25, 2008 DISCOVERY CONFERENCE** Case No. C-06-06436 PJH (JCS) |

The Court held a further discovery conference on April 25, 2008. The following counsel appeared: Emilio Varanini (State of California), Timothy Nord (State of Illinois), Lizbeth Leeds (State of Florida), Eli Friedman (State of Florida), Nancy Bonnell (State of Arizona), Richard Schwartz (State of New York), Steven Bergman (Hynix), Joshua Hess (Micron), Gabriel Rubin (Elpida), Eva Chang (NEC Electronics Amercia), Jane Chang (Hynix), David Brownstein (Mosel), and Na'll Benjamin (Nanya).

For the reasons stated on the record and good cause appearing, IT IS HEREBY ORDERED as follows:

1. In response to Interrogatory Nos. 20 and 21 propounded by Defendants, Plaintiff States with central purchasing agencies shall identify (in addition to the other information disclosed), with respect to those central purchasing agencies, specific steps taken to preserve documents relevant to this case, and the dates on which those steps were taken. In responding to Interrogatory Nos. 20 and 21, Plaintiffs shall conduct a diligent investigation, and verifications attesting to this diligence shall be provided. Those states with central purchasing agencies that have identified written document retention policies during the relevant period shall provide copies of those document retention policies to Defendants.

2. With respect to discovery by Defendants on New York direct assigned claims, the parties shall jointly propose a discovery plan in advance of the next discovery conference in this case.

3. The parties have raised an issue with respect to the number of documents collected from the entities sampled during Plaintiffs' damages survey. In the future, Plaintiffs shall collect from the surveyed entities all of the documents that the surveyed entities collect and use to fill out the questionnaires in Plaintiffs' damages survey. Approximately 100 entities have already filled out Phase 2 of the survey, and as a result have already collected and logged information from various documents. With respect to these entities, Plaintiff States shall inquire as to whether those entities have segregated, and still retain in a segregated location, the documents so collected. If they have been segregated and retained, Plaintiff States shall request production of all of the collected documents. If they have not been so segregated and retained, Plaintiff States shall inquire as to the feasibility of re-collecting all of the documents used to fill out Phase 2 of the survey and report to the Court at the next discovery conference.

**United States District Court**
For the Northern District of California

1    4.    A further discovery conference is scheduled for **June 6, 2008**.  A joint updated
2         discovery statement shall be filed by **May 30, 2008, at 1:30 p.m.**
3         IT IS SO ORDERED.

5  Dated: April 30, 2008

6                                            _____
                                             JOSEPH C. SPERO
7                                            United States Magistrate Judge

3