1  LIZABETH A. LEEDS
   *Appearing Pro Hac Vice*
2  Florida Bar No.:00457991
   Chief of Multistate Enforcement
3  ELI A. FRIEDMAN
   Assistant Attorney General
   Florida Bar No.:0518476
4  Office of the Attorney General
   PL-01 The Capitol
5  Tallahassee, Florida 32399-1050
   Telephone:    (850) 414-3300
6  Fax:          (850) 488-9134
   Email:    Liz.Leeds@myfloridalegal.com
7            Eli.Friedman@myfloridalegal.com

8  Attorneys for Plaintiff
   STATE OF FLORIDA
9

10

11            **UNITED STATES DISTRICT COURT**

12          **NORTHERN DISTRICT OF CALIFORNIA**

13              **SAN FRANCISCO DIVISION**

14

15

16  STATE OF CALIFORNIA, *et. al,*           ) Case No.: C 06-04333 PJH
                                              )
17            Plaintiffs,                     ) Assigned for all purposes to the
                                              ) Hon. Phyllis J. Hamilton
18      vs.                                   )
                                              ) **PLAINTIFF STATE OF FLORIDA'S**
19  INFINEON TECHNOLOGIES AG, *et. al.,*     ) **NOTICE OF MOTION AND**
                                              ) **MOTION TO STRIKE**
20            Defendants.                     )
                                              ) **ORAL ARGUMENT REQUESTED**
21                                            )
                                              ) Hearing date:
22                                            ) Time: 9:00 a.m.
                                              ) Courtroom: 3, 17th Floor
23  _____         ) Judge:  Hon. Phyllis J. Hamilton

24

26

27

28

                              PLAINTIFF FLORIDA'S MOTION TO STRIKE
                              C 06 4333 PH

# TABLE OF CONTENTS

Page

INTRODUCTION…………………………………………...………...............1

I.     THE "*MACK* AFFIRMATIVE DEFENSE" SHOULD BE STRICKEN BECAUSE
       *MACK*, WHICH IS VALID AND CONTROLLING, PROVIDES STANDING
       TO INDIRECT PURCHASERS UNDER FLORIDA LAW …………….………2

II.    THE "FDUTPA AFFIRMATIVE DEFENSES" SHOULD BE STRICKEN
       BECAUSE THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES
       ACT PERMITS UNFAIR COMPETITION CLAIMS FOR PRICE-FIXING
       BY INDIRECT PURCHASERS……………………………………………4

CONCLUSION……………………………………………….………….…..6

1

# TABLE OF AUTHORITIES

2

## Cases

3

*Butler v. Adoption Media, LLC*, No C. 04-0135 PJH, 2005 U.S. Dist. Lexis 46208.........2

4

5

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)...... ............................................3

6

*FTC v. Mylan Labs., Inc.,* 62 F. Supp. 2d 25 (D.D.C. 1999)....................................3,4

7

*Fidelity Union Trust Co. v. Field*, 311 U.S. 1669, 177-78 (1940).......................…......3

8

*Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)...................…...…......2

9

*Mack v. Bristol Myers Squibb Co.,* 673 So.2d 100 (FLA. 1st DCA 1996)....................2,3,4,5

10

11

*Pardo v. Florida,*596 So.2d 665, 666 (Fla, 1992)....................................…....3

12

*Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983) ......................2

13

*Stanfill v. Florida,* 384 So.2d 141, 143 (Fla. 1980)........................................…....3

14

*United Mine Workers v. Gibbs*, 383 U.S. 7105 (1966)..............................…...…......3

15

*Weinman v. McHaffie,* 470 So.2d 682, 684 (Fla. 1985)........................................3

16

## Statutes

17

18

Fed. R. Civ. P. 12(f)...........................................................…......2

19

FLA. STAT. § 501(2008).........   ..........................................................4,5

20

FLA. STAT. § 542 (2008) ...............................................….....................4

21

22

23

24

25

26

27

28

## PLAINTIFF STATE OF FLORIDA'S NOTICE OF MOTION AND MOTION TO STRIKE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 12(f), the Plaintiff State of Florida will and hereby does move to strike, in part, Defendants' Affirmative Defenses to Plaintiffs' Third Amended Complaint. This motion shall be heard on August 6, 2008 at 9:00 a.m., or as soon thereafter as the matter may be called, in the courtroom of the Honorable Phyllis J. Hamilton, United States District Judge, United States District Court, 450 Golden Gate Ave., San Francisco, California, 94102.

This motion is based upon this Notice of Motion; the accompanying Memorandum of Points and Authorities; the complete files in this action, including Defendants' Affirmative Defenses; argument of counsel; and other such and further matters as this Court may consider.

DATED:

    July 2, 2008                            Respectfully Submitted,
                                         STATE OF FLORIDA

                                       */s/ Lizabeth Leeds*
                                       Lizabeth A. Leeds
                                       Eli A. Friedman

                                        Attorneys for the
                                        State of Florida

**MOTION TO STRIKE SEVERAL OF DEFENDANTS' AFFIRMATIVE
DEFENSES RELATING TO THE STATE OF FLORIDA**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff State of Florida (Florida) respectfully submits this memorandum of points and authorities in support of its Motion to Strike.

**INTRODUCTION**

On May 13, Defendants filed with this Court Answers and numerous Affirmative Defenses to Plaintiff's Third Amended Complaint. A number of Defendants' Affirmative Defenses misstate and misconstrue the current state of both Florida and federal law and therefore should be stricken.[1] This motion requests that this Court strike NEC Electronics America Inc.'s sixty-ninth Affirmative Defense (The *Mack* Affirmative Defense). Additionally, Florida moves to strike Elpida Memory, Inc.'s and Elpida Memory (USA) Inc.'s sixtieth Affirmative Defense, Hynix's sixty-second Affirmative Defense, Infineon Technologies North American Corp. and Infineon Technologies AG's forty-third Affirmative Defense, Micron Technology Inc.'s and Micron Semiconductor Products, Inc.'s forty-third Additional Defense, Nanya Technology Corporation's Affirmative Defenses eleven and sixty-four, Nanya Technology Corporation USA's Affirmative Defenses eleven and sixty-four, and NEC Electronics America Inc.'s sixty-seventh Affirmative Defense. (The FDUTPA Affirmative Defenses)[2]

---

[1] The Plaintiff State of Florida specifically reserves its right to contest all of Defendants' Affirmative Defenses at a later date.

[2] For the convenience of the Court, Florida has attached an appendix of the specific Affirmative Defenses that are the subject of this motion. Additionally, Defendants' Affirmative Defenses each adopt and incorporate the Affirmative Defenses of all of the other Defendants, and therefore each section of this motion to strike includes each

## I.    STANDARD

Florida brings this motion to strike the *Mack* Affirmative Defense and the FDUTPA Affirmative Defenses because they are legally insufficient. "Federal Rule of Civil Procedure 12(f) provides that the court 'may order stricken from any pleading any insufficient defense.'" *Butler v. Adoption Media, LLC*, No. C 04-0135 PJH, 2005 U.S. Dist. LEXIS 46208 (N.D. Cal. June 21, 2005) (quoting the 2005 Federal Rules of Civil Procedure) (granting, in part, plaintiffs' motions to strike when defendants' affirmative defenses were legally insufficient). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

## II.    THE *MACK* AFFIRMATIVE DEFENSE SHOULD BE STRICKEN BECAUSE *MACK*, WHICH IS VALID AND CONTROLLING, PROVIDES STANDING TO INDIRECT PURCHASERS UNDER FLORIDA LAW.

The *Mack* Affirmative Defense

avers that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, alleged standing rests upon the First District Court of Appeal's holding in *Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100 (Fla. 1st DCA 1996). That case is not controlling on this Court, and was wrongly decided.

*See* NEC Electronics America, Inc.'s Answer to Third Am. Compl. at 57.

---

Defendant, including Mosel Vitelic Inc. and Mosel Vitelic Corporation, to the extent they have adopted the challenged affirmative defenses.

*Mack*, the rule of law in Florida, provides standing to indirect purchasers and under applicable legal principles should be considered controlling by this Court. In the absence of interdistrict conflict, district court decisions bind all Florida trial courts and, as to substantive law claims, are therefore also binding on this Court.

*Mack v. Bristol-Myers Squibb Co.* was decided by Florida's First District Court of Appeal in 1996. Since *Mack* was decided no other Florida district court decision has been rendered that is in conflict with *Mack*. The Florida Supreme Court has repeatedly held that "the decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court." *Pardo v. Florida,* 596 So. 2d 665, 666 (Fla. 1992) (quoting *Stanfill v. Florida*, 384 So. 2d 141, 143 (Fla. 1980)). Consequently, in the absence of interdistrict conflict, a district court decision binds all Florida trial courts. *Id.* (citing *Weiman v. McHaffie,* 470 So. 2d 682, 684 (Fla. 1985)).

Moreover, the United States Supreme Court has found that "[a]n intermediate state court in declaring and applying the state law is acting as an organ of the State and its determination, in the absence of more convincing evidence of what the state law is, should be followed by a federal court in deciding a state question." *Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 177-78 (1940), *cited in FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25 (D.D.C. 1999).

When a federal court sits in diversity jurisdiction over a state law claim it must apply state substantive law in resolving the dispute. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). When a federal court sits in pendent, or supplemental, jurisdiction it must apply the rule of *Erie*. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966).

Because *Mack* is controlling law throughout Florida, when considering Florida's substantive law claims, this Court should consider it controlling as mandated by United States Supreme Court precedent. *See, e.g. Fidelity Union Trust, Erie* and *United Mine Workers*.

III.  THE "FDUTPA AFFIRMATIVE DEFENSES" SHOULD BE STRICKEN BECAUSE THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT PERMITS UNFAIR COMPETITION CLAIMS FOR PRICE-FIXING BY INDIRECT PURCHASERS.

The FDUTPA Affirmative Defenses aver that Plaintiff's claims are barred, in whole or in part, because, pursuant to Fla. Stat. § 501.202(3), FDUTPA must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs' injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA. *See, e.g.* Answer of Def. Infineon Technologies North America Corp. and Infineon Technologies AG to Third Am. Comp. at 62.

*Mack*, the rule of law in Florida, provides standing to indirect purchasers under FDUTPA, section 501, through a cause of action that is completely independent of the Florida Antitrust Act, section 542.

According to *Mack*, "[a] fair reading of section 501.211 reveals no intention by the legislature to limit suits for price-fixing to direct purchasers only." 673 So. 2d at 105. Section 501.211 describes, in part, the individual remedies available under the FDUTPA. The *Mack* court found that "[p]ermitting indirect purchasers to sue under the Florida DTPA effectuates the consumer protection policies of the Florida DTPA, but is not adverse to the purposes of the Antitrust Act." *Id.* at 110.

This reading of *Mack* is not limited to Florida courts. At least one federal court has applied *Mack* to the facts before it and found it to be controlling. In *FTC v. Mylan Labs., Inc.,* the court found that Florida indirect purchasers have standing under the FDUTPA, even though they did not have standing to sue under either the federal or Florida antitrust laws. 62 F. Supp. 2d 25, 46-47 (D.D.C. 1999) (following the holding in *Mack v. Bristol-Myers Squibb Co.*). In *Mylan,*

> The Court [did] not dismiss Florida's claim seeking damages for indirect purchasers under the FDUTPA. Although allowing such a claim increases the risk of duplicative recovery as discussed above, the Florida Court of Appeals has specifically held that an indirect purchaser has standing to bring a suit for damages under the FDUTPA.

*Id.* at 46.

Florida statute § 501.202(3) does not, as Defendants' state in the FDUTPA Affirmative Defenses, require that FDUTPA be construed in a manner consistent with federal antitrust law.

Rather, it states that "The provisions of this part shall be construed liberally to promote the following policies:....(3) To make state consumer protection and enforcement consistent with established policies of federal law relating to *consumer protection*(emphasis added)."

Contrary to Defendants' assertions, no court has held that a claim under FDUTPA must "be construed in a manner consistent with federal antitrust laws." *See* FDUTPA Affirmative Defenses. In fact, as discussed above, both the state and federal courts that addressed this issue held that antitrust standing was not required under FDUTPA.

In this case, the State of Florida has asserted clearly permissible FDUTPA substantive law claims under Florida law on behalf of indirect purchasers. Under the supplemental jurisdiction of this Court, the rule of *Mack* should be followed and Defendants' FDUTPA Affirmative Defenses should be stricken.

1
2
3
4
5
6
7

## CONCLUSION

8

For the foregoing reasons, Plaintiffs respectfully submit that this motion to strike be

9

granted without prejudice.

10
11
12

DATED: July 2, 2008                             Respectfully Submitted,

13

STATE OF FLORIDA

14
15

*/s/ Lizabeth Leeds*

16

Lizabeth A. Leeds
Eli A. Friedman

17
18

Attorneys for the

19

State of Florida

20
21
22
23
24
25
26
27
28

**APPENDIX A**

**FDUTPA AFFIRMATIVE DEFENSES**

**ELPIDA MEMORY, INC. AND ELPIDA MEMORY (USA) INC.**

**SIXTIETH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.* are barred, in whole or in part,

because pursuant to Fla. Stat. § 501.202(3), the Florida Deceptive and Unfair Trade Practices

Act

("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because

Plaintiffs' injuries are too speculative, derivative, indirect and remote to confer standing under

federal antitrust law, they also do not confer standing under FDUTPA.

**HYNIX SEMICONDUCTOR INC. AND HYNIX**

**SEMICONDUCTOR AMERICA INC.**

**SIXTY-SECOND DEFENSE**

Plaintiffs' claims under Florida Stat. 501.201 *et seq.* are barred, in whole or in part,

because, pursuant to section 501.202(3), the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because

Plaintiffs' injuries are too speculative, derivative, indirect and remote to confer standing under

federal antitrust law, they also do not confer standing under FDUTPA.

**INFINEON TECHNOLOGIES NORTH AMERICA CORP.**

**AND INFINEON TECHNOLOGIES AG**

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims under Florida Stat. §§ 501.201 *et seq.* are barred, in whole or in part,

because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs' injuries are too speculative, derivative, indirect and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

### MICRON TECHNOLOGY, INC. AND MICRON
### SEMICONDUCTOR PRODUCTS, INC.
### FORTY-THIRD ADDITIONAL DEFENSE

Plaintiffs' claims under Florida Stat. §§ 501.201 *et seq.* are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs' injuries are too speculative, derivative, indirect and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

### NANYA TECHNOLOGY CORPORATION

11. The laws of various states (including, without limitation, Florida Stat. § 501.202(3)) must be construed in a manner consistent with federal antitrust law. Because Plaintiffs' alleged injuries are too speculative, derivative, indirect and remote to confer standing under federal antitrust law, they also do not confer standing under state law.

64. Plaintiffs' claims under Florida Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs' injuries are too speculative, derivative, indirect and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

1

2

## NANYA TECHNOLOGY CORPORATION USA

3

4    11. The laws of various states (including, without limitation, Florida Stat.

5    § 501.202(3)) must be construed in a manner consistent with federal antitrust law. Because

6    Plaintiffs' alleged injuries are too speculative, derivative, indirect and remote to confer

7    standing under federal antitrust law, they also do not confer standing under state law.

8    64. Plaintiffs' claims under Florida Stat. §§ 501.201, *et seq.*, are barred, in

9    whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade

10   Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust

11   laws. Because Plaintiffs' injuries are too speculative, derivative, indirect and remote to confer

12   standing under federal antitrust law, they also do not confer standing under FDUTPA.

13

14                        ## NEC ELECTRONICS AMERICA, INC.'S

15                        ## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

16                              ### (Lack of Standing Under FDUTPA)

17   67.  As a sixty-seventh and separate affirmative defense, with respect to the State of

18   Florida, NEC avers that Plaintiff's claims are barred, in whole or in part, because, pursuant to

19   Fla. Stat. § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")

20   must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs'

21

22   injuries are too speculative, derivative, indirect, and remote to confer standing under federal

23   antitrust law, they also do not confer standing under FDUTPA.

24

25

26

27

28

### *MACK* AFFIRMATIVE DEFENSE

## NEC ELECTRONICS AMERICA, INC.'S

## SIXTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing Based on *Mack*)

69. As a sixty-ninth and separate affirmative defense, with respect to the State of

Florida, NEC avers that Plaintiff's claims are barred, in whole or in part, to the extent that

Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, alleged standing

rests upon the First District Court of Appeal's holding in *Mack v. Bristol-Myers Squibb Co.*,

673 So. 2d 100 (Fla. 1st DCA 1996). That case is not controlling on this Court, and was

wrongly decided.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **State of California et al, v. Infineon Technologies AG et al.**

No.:        **C-06-4333 SC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the Florida State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 2, 2008, I served the attached Motion to Strike by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at PL-01 The Capitol, Tallahassee, FL 32399-1050, addressed as follows:

1   **Harrison Frahn, IV, Esq.**

2   Simpson Thacher

3   2550 Hanover Street

4   Palo Alto, CA 94304-1115

5   Phone: 650-251-5000

6   Fax: 650-251-5002

7   email: hfrahn@stblaw.com

8   Attorneys for Elpida Memory, Inc.

9   and Elpida Memory (USA) Inc.

10

11  **Michael F. Tubach, Esq.**

12  O'Melveny & Myers LLP

13  Embarcadero Center West

14  275 Battery Street

15  San Francisco, CA 94111-3305

16  Phone: 415-984-8876

17  Fax: 415-984-8701

18  email: mtubach@omm.com

19  Attorneys for Defendant Hynix Semiconductor America

20

21

22

23

24

25

26

27

28

1   **Steve H. Bergman, Esq.**

2   **Kenneth Ryan O'Rourke, Esq.**

3   **Jane Y. Chang, Esq.**

4   O'Melveny & Myers LLP

5   400 South Hope Street

6   Los Angeles, CA 90071

7   Phone:  213-430-7653

8   Fax:  213-430-6407

9   Email:sbergman@omm.com

10          korourke@omm.com

11          jchang@omm.com

12  Attorneys for Hynix Semiconductor, Inc.

13

14  **Florence Beauboeuf, Esq.**

15  O'Melveny & Myers LLP

16  Times Square Tower

17  7 Times Square

18  New York, New York 10036

19  Phone:  212-326-4486

20  Fax: 212-326-2061

21  Email: fbeauboeuf@omm.com

22  Attorneys for Hynix Semiconductor, Inc.

23

24

25

26

27

28

**Joshua Stewart Stambaugh, Esq.**

**Julian Brew, Esq.**

Kaye Scholer, LLP

1999 Avenue of the Stars, Suite 1700

Los Angeles  CA  90067-6048

Phone: 310-788-1244

Fax: 310-788-1205

Email: jstambaugh@kayescholer.com

Email: jbrew@kayescholer.com

Attorneys for Infineon Technologies North America Corp.

and Infineon Technologies AG


**Howard M. Ullman, Esq.**

Orrick, Herrington & Sutcliffe LLP

The Orrick Building

405 Howard Street

San Francisco, CA  94105-2669

Phone: 415-773-5652

Fax: 415-773-5759

email: hullman@orrick.com

Attorneys for Nanya Technology Corp.

and Nanya Technology Corp. USA

1  **Paul R. Griffin, Esq.**

2  **Jonathan E. Swartz, Esq.**

3  Thelen Reid Brown Raysman & Steiner LLP

4  101 Second Street, Suite 1800

5  San Francisco,  CA  94105

6  Phone: 415-371-1200

7  Fax: 415-371-1211

8  email: pgriffin@thelenreid.com

9        jswartz@thelenreid.com

10  Attorneys for NEC Electronics America,

11

12  **Gary L. Halling, Esq.**

13  Sheppard Mullin Richter & Hampton

14  Four Embarcadero Ctr., 17th Fl.

15  San Francisco,  CA  94111

16  Phone:  415-774-3234

17  Fax: 415-371-1211

18  email: ghalling@sheppardmullin.com

19  Attorneys for Samsung Electronics America, Inc.

20

21  **Steven H. Morrissett, Esq.**

22  Finnegan, Henderson, Farabow, Garrett & Dunner

23  3300 Hillview Avenue

24  Palo Alto,  CA  94304-1203

25  Phone: 650-849-6624

26  Fax: 650-849-6666

27  email: morrissett@finnegan.com

28  Attorneys for Winbond Electronics Corp. America

1

2   **Joshua David Hess, Esq.**

3   **G. Charles Nierlich, Esq.**

4   **Joel Sanders, Esq.**

5   Gibson, Dunn & Crutcher

6   One Montgomery Street, Suite 3100

7   San Francisco, CA 94104

8   Phone:  415-393-8200

9   Fax: 415-986-5309

10  Email:  jhess@gibsondunn.com

11  Email:  cnierlich@gibsondunn.com

12  Email:  jsanders@gibsondunn.com

13  mailto:jhess@gibsondunn.comAttorneys for Micron Technology, Inc.

14  Semiconductor Products, Inc.

15

16

17

18  **Aaron M.  Armstrong, Esq.**

19  **David C. Brownstein, Esq.**

20  Heller, Ehrman, White & McAuliffe

21  333 Bush Street, 30th Floor

22  San Francisco, CA 94104-2878

23  Phone:  415-772-6000

24  Fax: 415-772-6268

25  Email: aaron.armstrong@hellerehrman.com

26         david.brownstein@hellerehrman.com

27  Attorneys for Mosel Vitelic, Inc.. and Mosel Vitelic, Inc.

28

1

2

3   I declare under penalty of perjury under the laws of the State of Florida the foregoing is true

4   and correct and that this declaration was executed on July 2, 2008, at Tallahassee, Florida.

5

6

7

8

9

10      Jennifer Morgan-Byrd

11  _____          _____
                                                                    Signature

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28