UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.,

    Plaintiffs,

    v.

INFINEON TECHNOLOGIES AG, et al.,

    Defendants.

_____/

No. C 06-4333 PJH

**ORDER GRANTING MOTION TO STRIKE**

    Plaintiff State of Florida's motion to strike defendant NEC USA's sixty-ninth affirmative defense came on for hearing before this court on September 10, 2008. Plaintiff appeared through its counsel, Lizabeth A. Leeds. Defendant appeared through its counsel, Laura Guillen and Jonathan E. Swartz. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS plaintiff's motion to strike defendant's affirmative defense, for the reasons stated at the hearing, and summarized as follows.

    NEC USA's sixty-ninth affirmative defense, which avers that plaintiff's claims are barred to the extent that plaintiff alleges indirect purchaser standing pursuant to <u>Mack v. Bristol-Myers Squibb Co.</u>, 673 So. 2d 100 (Fla. 1st DCA 1996), is legally insufficient. <u>Mack</u> holds that indirect purchasers have standing to pursue claims under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), even though they do not have the same standing pursuant to the state's antitrust statute. While NEC USA argues that Mack is not controlling, however, the court's reliance on <u>Mack</u> is in fact compelled pursuant to U.S. Supreme Court and Ninth Circuit precedent. That precedent establishes that when interpreting state law and in the absence of a decision of the state's highest court, "a

federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions...". Nelson v. City of Irvine, 143 F.3d 1196, 1206 (9th Cir. 1998); see also Fidelity Union Trust Co. v. Field, 311 U.S. 169, 177 ("An intermediate state court in declaring and applying the state law is acting as an organ of the State and its determination, in the absence of more convincing evidence of what the state law is, should be followed by a federal court in deciding a state question."). Even the Supreme Court of Florida has said that "the decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this court"). See Pardo v. Florida, 596 Sp/ 2d 665, 666 (Fla. 1992). Moreover, this is consistent with this court's own approach in dealing with the numerous state law claims involved in all the DRAM litigation to date.

In sum, Mack is controlling, and in accordance with that holding, indirect purchaser standing under the FDUTPA is permissible, and NEC USA's affirmative defense to the contrary lacks legal sufficiency. Plaintiff's motion to strike, which is proper under the circumstances, is therefore GRANTED. If before trial, Mack is reversed, the court expects that a stipulation will be filed permitting the amendment of NEC USA's answer re-asserting the instant defense.

**IT IS SO ORDERED.**

Dated: September 11, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge